**FEDERAL DEPOSIT INS. CORPORATION v. LOTSCH et al.**

**No. 1443.**

District Court, E. D. New York.

June 1, 1944.

Sidney R. Nussenfeld, of New York City (Gertrude Cutler, of New York City, of counsel), for plaintiff, opposed.

Gifford, Woody, Carter & Hays, of New York City (Joshua D. Jones, of New York City, of counsel), for defendant C. Lansing Hays, for the motion.

BYERS, District Judge.

The defendant C. Lansing Hays moves for an order dismissing this action, with costs, under Rule 24 of this Court and for such other relief, etc.

He is one of 47 defendants in an action brought by the plaintiff as Receiver of the Fort Greene National Bank against all persons who were officers and directors thereof while it was in existence; an accounting is sought, the restoration of moneys, assets and property of the bank alleged to have been misappropriated, wasted, etc., and a judgment against all defendants in the sum of $750,000 "and upwards", etc.

The complaint was filed on August 14, 1940. This defendant was a director from April 23, 1929, to December 31, 1930.

Apparently a bill of particulars was filed, the exact date and contents of which do not appear in these motion papers. This defendant appeared in the action on September 6, 1940, and an answer was served on December 13, 1941, the time apparently having been kept open by stipulation.

A motion for summary judgment, made on his behalf, was heard by Judge Moscowitz on May 20, 1942, and was withdrawn on the argument on condition that the plaintiff serve an amended complaint, and an order to that effect was dated July 7, 1942, and such an amended complaint was served on July 21, 1942.

A motion was made before Judge Inch on October 28, 1942, to strike paragraphs III to VII, inclusive, of the amended complaint, which resulted in an order dated December 16, 1942, granting the said defendant's motion and permitting the plaintiff to file an amended complaint "setting forth each cause of action separately stated and numbered within ten days from the service of a copy of this order with notice of entry thereof".

The plaintiff did not avail itself of that privilege, and so the amended complaint stands except as to the paragraphs which have been stricken, and that pleading incorporates by reference the first thirteen paragraphs of the original complaint.

So far as this defendant is concerned, nothing has been done by the plaintiff since the last-mentioned order was served, and consequently this motion presents the question of whether the cause should be dismissed because more than one year has passed "without any proceedings having been taken during such year".

Rule 24 of this Court is as follows:

"Rule 24. Dismissal of Cases for Want of Prosecution.

"Cases which have been pending in this Court for more than one year without any proceedings having been taken during such year may be dismissed as of course, for want of prosecution, by the Court on its own motion, * * *. Such cases may also be dismissed for want of prosecution at any time on motion by any party upon notice to the other parties."

The motion is opposed on the ground that proceedings have been taken in the action, namely, there have been efforts made to settle with certain other defendants. It is not thought that such efforts constitute proceedings in the action within the contemplation of the above rule.

Further, that since the motion is addressed to the discretion of the Court, it should be denied because no prejudice has resulted to the defendant Hays and there is no such claim in the moving papers. It ought to require little argument to demonstrate that a defendant against whom there are pending allegations such as are contained in the first thirteen paragraphs of the original complaint, is prejudiced by the mere pendency of such an alleged cause of action, since he is charged with having participated in illegal and negligent acts, and with the violation of his duty as a director, and with having engaged and acquiesced in wrongful, reckless and unsafe policies in the lending and investment of the moneys of the bank.

He is entitled to a prompt trial in order that the truth as to such matters may be brought to light, and that his own conduct as a director may be vindicated, if the evidence so requires.

The fact that there are many defendants and that the plaintiff desires to obtain as much money as possible by privately negotiated settlements with such of them as are willing to compose on that basis, is not a sufficient answer to the defendant's motion.

It is a reasonable inference, from the delays indicated in the recital above, that these particular parties have unsuccessfully sought to negotiate a settlement. If that is true, it does not deprive the defendant of his right to make this motion.

It may well be that the preparation and trial of an action against so many de-

466

fendants is a difficult and laborious thing, but the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, afford a remedy to this defendant which seems to be appropriate: Rule 20(b) reads as follows:

"(b) Separate trials. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice."

If this defendant were to seek an order for a separate trial as to him, and a direction that the plaintiff proceed with such trial without delay, and compliance with such order, if granted, were not had within a reasonable time, it would seem that the plaintiff would have no ground upon which to successfully oppose a motion to dismiss as to this defendant.

This motion will be denied as a matter of discretion, with leave to renew, in the event that the defendant shall seek an order under subdivision (b) of Rule 20 of the Federal Rules of Civil Procedure, with which, if granted, the plaintiff fails to comply within a reasonable time.

Settle order.